## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| **EDITH BROWN** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MIDLAND CREDIT MANAGEMENT,** ) | |
| **INC.** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the

"FDCPA") and other state laws.  The FDCPA prohibits debt collectors from engaging in abusive,

deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331,

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4.      Plaintiff Edith Brown is an adult individual residing at 9301 Jornada Lane, Apt 3,

Atascadero, CA 93422.

5.      Defendant Midland Credit Management, Inc. (hereafter "MCM") is a business

entity regularly engaged in the business of collecting debts in this Commonwealth with a place

of business in Oaks, PA.  The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## IV.  FACTUAL ALLEGATIONS

6.      At all pertinent times hereto, Defendant was hired to collect a debt allegedly originally owed to FCNB-Spiegel (hereafter the "debt").

7.      The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8.      At all times material hereto, Plaintiff did not owe the debt to Defendant since the debt had been previously satisfied in 2003.

9.      On or about May 18, 2010, Defendant contacted Plaintiff to coerce payment of the debt, with the intent to annoy, abuse or harass Plaintiff.  Plaintiff stated that she was not responsible for the debt, and that it was paid in full in 2003.  Defendant's representative, however, made no representations that they would discontinue their calling.

10.      Moreover, on or around May 21, 2010, Plaintiff faxed documents to the Defendant proving that she had paid this debt in 2003.[1]

11.      Notwithstanding the above, on or around May 24, 2010 at 8:30 A.M., Defendant contacted Plaintiff to coerce payment of the debt, with the intent to annoy, abuse or harass such persons contacted.

12.      Notwithstanding the above, on or around May 25, 2010 at 8:30 AM, Defendant contacted Plaintiff to coerce payment of the debt, with the intent to annoy, abuse or harass such persons contacted.

---

[1] Included in the documents faxed by the Plaintiff were: a payment agreement from The Westmoreland Agency (the collection agency who had serviced this debt in 2003) indicating the amount required for payoff and satisfaction of the FCNB-Spiegel account and a copy of her banking records reflecting full and complete payment had been made by check.

13.     Notwithstanding the above, on or around May 26, 2010 at 8:30 A.M., Defendant contacted Plaintiff to coerce payment of the debt, with the intent to annoy, abuse or harass such persons contacted.

14.     Notwithstanding the above, on or around May 27, 2010 at 5:00 A.M., Defendant contacted Plaintiff to coerce the payment of the debt, with the intent to annoy, abuse or harass such persons contacted.   Plaintiff told Defendant's representative that it was five (5) in the morning, that she had sent Defendant the information that it needed, and that Defendant should stop calling or else the Plaintiff would be forced to block the number.   Defendant then stated, "we can get around that and we will find you."

15.     Notwithstanding the above, on or around May 27, 2010 at 9:00 A.M., Defendant contacted Plaintiff to coerce the payment of the debt, with the intent to annoy, abuse or harass Plaintiff.

16.     Defendant acted in a false, deceptive, misleading and unfair manner when communicating with the Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to the Plaintiff.

17.     Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

18.     Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

19.     Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

3

20.     Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

21.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

22.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### V. <u>FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA</u>

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27.     The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

4

28.   Defendant violated the FDCPA.   Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a)(1), 1692d(5), 1692e(2)(A), 1692e(10) and 1692f as evidenced by the following conduct:

(a) Communicating with the Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to the Plaintiff;

(b) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(c) Falsely representing the amount, character or legal status of the debt; and

(d) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

29.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

30.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## VI. SECOND CLAIM FOR RELIEF- INVASION OF PRIVACY

31.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.   Defendant's conduct, including but not limited to repeatedly contacting Plaintiff for a debt which Plaintiff has no responsibility and repeatedly contacting Plaintiff at a time known to be inconvenient with the intent to annoy, abuse, or harass, constitutes an invasion of privacy.

33.     As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in his favor, plus lawful interest thereon.

## VII.   JURY TRIAL DEMAND

34.   Plaintiff demands trial by jury on all issues so triable.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)  Actual damages;

    (b)  Statutory damages;

    (c)  Punitive damages;

    (d)  Costs and reasonable attorney's fees; and

    (e)  Such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY:   /s/ Mark D. Mailman
      MARK D. MAILMAN, ESQUIRE
      ERIN A. NOVAK, ESQUIRE
      Attorneys for Plaintiff
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
DATE: October 6, 2010      (215) 735-8600